Edwards, Judge,
dissenting.
{¶ 35} I respectfully dissent from the majority opinion.
{¶ 36} In State v. Dickerson, 179 Ohio App.3d 754, 2008-Ohio-6544, 903 N.E.2d 697, the Court of Appeals for the Second District expressly stated that whether the plate was swinging at the moment of the stop is irrelevant, and there is no requirement that the officer investigate the license plate prior to temporarily detaining the driver to investigate. Id. ¶ 11. Because the license plate was hanging from one corner and resting on the bumper of the automobile, the officer had a reasonable, articulable suspicion that Dickerson was in violation of R.C. 4503.21. Id. at ¶ 14.
{¶ 37} The trial court distinguished Dickerson on the basis that although the plate in that case was not in the process of swinging when observed by the officer, the plate had obviously swung from its original location when secured because it was lodged against the bumper, preventing it from continued swinging. I would find this to be a distinction without a difference. In the instant case, the plate was secured by only one bolt and was canted, thus the plate had the potential to swing even though it was not in the process of swinging at the time it was observed by Hendrix. Further, because the plate was canted, it could have swung from its original location, exactly as the plate in Dickerson had swung from its original location. I would not read the language “so as not to swing” in R.C. 4503.21(A) as narrowly as the majority decision, which does not allow an officer to stop and investigate unless he or she sees the plate in the motion of swinging. I would find that the language could be interpreted that the plate should be secured so that it is not able to swing, even if it is not actively swinging at the time of the stop.
{¶ 38} I would sustain the assignment of error and reverse the decision of the trial court.